## Martin's Estate. Martin's Appeal.

*Will—Widow—Trust—Principal and income—Security.*

A testator gave his estate to trustees "to pay over unto my wife, all the net rents, interest, and income to be derived therefrom for and during the term of her natural life: Provided, that if my wife should wish to use or occupy for her own purposes all or any part of the said property, then it is my will she should have such power." He further directed: "But my wife shall, during her lifetime, be entitled to the possession of all my estate without being required to give security therefor." *Held*, that the widow was entitled to use the principal when the income was insufficient for her support, and that she could demand and receive from the trustees portions of the principal for such purpose without giving security.

Argued March 29, 1893. Appeal, No. 314, Jan. T., 1893, by Luther Martin, Jr., et al., trustees, from decree of O. C. Phila. Co., Oct. T., 1886, No. 508, ordering trustees to pay over to widow portion of principal of estate of Luther Martin, deceased. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Petition for order on trustees to pay over portion of principal of estate.

The petition averred that Luther Martin, petitioner's husband, died July 18, 1886, testate, leaving to survive him a widow, four daughters and two sons; that the will was duly admitted to probate in Philadelphia county and letters testamentary issued to the widow, two sons, Luther Martin, Jr., and Robert W. Martin, and the Fidelity Insurance, Trust and Safe Deposit Co., the executors being also named as trustees.

The material portions of the will were as follows:

"I give, devise and bequeath all the property of which I may die seised unto my executors and trustees hereinafter named [here follows full powers of sale and reinvestment] and as to all such investments and reinvestments and all the rest of my said property, real and personal, I devise and bequeath the same unto my executors and trustees hereinafter named to hold the same in trust for the following purposes:

"First. To pay over unto my wife, Emma R. Martin, all the net rents, interest, and income to be derived therefrom for and during the term of her natural life: Provided, that if my wife should wish to use or occupy for her own purposes all or any part of said property, then it is my will she should have such power.

"Second. After the death of my said wife I direct that my property and estate shall be held and applied by my executors and trustees for the use and benefit of my children, as follows: [Here follows a strict trust for the six children during their respective lives, with provision for succession to their children and issue.]

"I further will and direct that the trusts under this will shall continue, and the division of the incomes and profits thereof shall be made to the persons entitled thereto by the provisions hereof, until the death of my last surviving child, and upon the death of my last surviving child the trusts herein contained shall cease and determine, and the division of the principal of my estate shall be made among the children and issue of my said six children respectively. . . . But my said wife shall during her lifetime be entitled to the possession of all my estate, without being required to give security therefor."

The petition further averred that the income of the estate payable under the terms of the will to the petitioner had been reduced, and that in consequence thereof the petitioner found herself in need of an advance from the principal of the estate as may be required to meet her necessities, and that she required for such purposes the sum of $1,500; that demand had been made upon the respondents for the payment of this sum, but the respondents had declined to accede thereto; that under the terms of testator's will she was entitled to the possession of all the estate without giving any security therefor.

To this petition the respondents filed an answer, admitting

the averments of fact contained in the petition, except as to
the construction of testator's will, but denied the petitioner's
right to receive the advance asked for, upon the ground that
the same was not justified by the terms of the will and could
not be complied with without selling and disposing of the assets
of the estate held in trust under the terms of the will.

The court entered a decree in accordance with the prayer of
the petition, in an opinion by ASHMAN, J., 2 Dist. R. 232.

*Error assigned* was above order, quoting it.

*Richard C. Dale*, *Samuel Dickson* with him, for appellants,
cited : Watson's Ap., 125 Pa. 340; Act of May 17, 1871, P.
L. 269.

*S. Davis Page*, *E. P. Allinson*, *Boies Penrose* and *Howard W.
Page* with him, for appellee, cited : Gold's Est., 133 Pa. 495;
Markley's Est., 132 Pa. 352; Heppenstall's Est., 144 Pa. 259;
Cox v. Rogers, 77 Pa. 160; Hambright's Ap., 2 Grant, 320;
Bonham v. Bonham, 33 N. J. Eq. 476; Haydel v. Hurck, 72
Mo. 253; Hart v. Castle, 9 N. Y. Sup. 622; Boyle v. Boyle,
152 Pa. 108; McFarland's Ap., 37 Pa. 300.

OPINION BY MR. JUSTICE MCCOLLUM, February 26, 1894:

The learned orphans' court, in making the order complained
of, simply determined that under the will the petitioner was en-
titled to have from the principal of the estate the sum mention-
ed in the petition for the purpose declared therein, without
giving security therefor.   It did not decide that the provisions
of the will in relation to her possession and care of the prop-
erty constituted a gift to her " of so much of the principal as
she might see fit to appropriate."   It expressly declared that
it was not necessary to do so.   But the appellants contend that
the order cannot be sustained except upon a construction of the
will which gives the entire estate to her to use and dispose of
as she pleases, and that such is a true construction they em-
phatically deny.   The precise question before the court was
whether any portion of the principal of the estate could be
lawfully applied to the maintenance of the petitioner while the
income of it was insufficient " to meet her necessities."   There

were no facts in dispute, and the answer to the question there-
fore depended solely upon the construction of the will. It may
be considered as conceded, because it is alleged in the petition
and not denied by the answer, that in consequence of a mate-
rial and possibly temporary reduction of the income of the es-
tate for the year immediately preceding the application for the
order, the sum demanded was required, in addition to the in-
come, for her support.

The petitioner is the widow of the testator, the first object
of his bounty, and one of the executors and trustees appointed
by his will. To her he gave the income of his estate during
her lifetime, together with the power to use or occupy for her
own purposes, if she desired to do so, all or any part of his
property. He also gave to her the right to have while she
lived possession of all his estate, " without being required to
give security therefor." It seems to us that the power and
right thus conferred furnished a clear warrant for the order in
question. Manifestly the dominating purpose of the testator
in making his will was to secure to his wife a liberal mainte-
nance from his estate. It is quite probable he thought the in-
come of it would ordinarily be sufficient for all her wants, but
he recognized that there might be a condition which would
make it necessary to have recourse to the principal to properly
supply them. The proviso to the clause of the will which
directs the trustees to pay the income to her is adapted to such
a condition, and authorizes the use of the principal for her sup-
port when the income is not sufficient for it. We do not think
this proviso can be restricted in accordance with the appellants'
contention. The power to use or occupy all or any part of the
testator's property for her own purposes is a comprehensive pow-
er ; it extends to the entire estate, and includes money and choses
in action as well as lands, horses, cattle, carriages, household fur-
niture and the like. It is a proper exercise of this power to
order the trustees, on her application, to advance to her from
the principal such sum as is needed for her suitable maintenance
whenever it affirmatively appears that the income which is pri-
marily devoted to it is insufficient to accomplish the testator's
controlling purpose. In plain words he gave to her this power,
and the order in question is not only clearly within the scope
of it, but it accords with the obvious intention of the donor in

conferring it. The learned counsel for the appellants seem to think that this construction of the will is fatal to the trust created by it. It is true that the exercise by the petitioner of all her rights under the will would materially reduce and qualify the duties of the trustees in respect to the care of the estate during her lifetime, and possibly the shares of the other beneficiaries might be somewhat diminished by it. But the mere apprehension of such results furnishes no ground for a construction which ignores plain and important provisions of the will, and defeats the controlling purpose of the testator in making it.

Decree affirmed, and appeal dismissed at the costs of the appellants.